IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                             ORDER

                     Plaintiff,

                                                                      06-cr-56-bbc

     v.

ANDRE FISHER,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On June 14, 2012, defendant Andre Fisher filed a motion for relief from judgment under Rule 60(b)(1), contending that he was entitled to a reduction in his sentence because of a discrepancy in the crack cocaine quantities shown in his presentence report. His motion was denied on July 31, 2012 because he could not obtain the relief he was seeking under Rule 60(b)(1). United States v. Redd, 630 F.3d 649, 650 (7th Cir. 2011) (general rule is that court may not reduce sentence once it is imposed; 18 U.S.C. § 3582 provides exception to this rule but once decision has been made on § 3582, "[Fed. R. Crim. P. 35(b)] applies and curtails any further power of revision").

      On August 22, 2012, defendant filed a motion to correct fundamental errors. That motion was denied on August 24, 2012, for the reasons set out in the July 31, 2012 order.

1

Thereafter, defendant filed a Petition for Mandamus Relief and Affidavit to proceed in forma pauperis with the Court of Appeals for the Seventh Circuit, which the court has now forwarded to this court to be considered as a notice of appeal of the July 31 and August 24 orders.

As an initial matter, I note that defendant's appeal appears to be untimely. It was not filed within fourteen days of the date of the order denying his motion and defendant did not include with his notice a motion for an extension of time to file a notice of appeal that was supported by a showing of excusable neglect or good cause for the late filing as Fed. R. App. P. 4 requires. However, district courts do not have authority to deny a defendant's request for leave to proceed in forma pauperis on the ground that the appeal is untimely. That authority rests solely with the court of appeals. Sperow v. Melvin, 153 F.3d 780 (7th Cir. 1998). Therefore, I will consider defendant's request for leave to proceed in forma pauperis on appeal.

According to 28 U.S.C. § 1915(a), a defendant who is found eligible for court-appointed counsel in the district court proceedings may proceed on appeal in forma pauperis without further authorization "unless the district court shall certify that the appeal is not taken in good faith." Defendant had court-appointed counsel during the criminal proceedings against him, but this is not an instance in which a reasonable person could suppose that the appeal has some merit, as is required for the appeal to be taken in good

faith. As I explained in the July 31, 2012 order, defendant was denied a reduction in his sentence to which he might have been entitled had he filed a timely appeal from his sentence or a timely motion for post conviction relief, identifying the error in calculating his sentence. However, he moved for correction of his sentence under 18 U.S.C. § 3582, which applies only to the amendment of sentences to take into account the reductions in the advisory guidelines enacted to bring sentences involving crack cocaine closer to the sentences applicable to crimes involving powder cocaine. (He did not mention the error in his motion, but because the alleged error concerned the calculation of his original sentence and would probably not have been subject to correction under § 3582, it is unlikely that it could have been corrected in that proceeding, even if he had raised the issue.) His § 3582 motion was denied because the amendments did not have the effect of lowering his guideline range (which had been reduced once before). Order, dkt. #53.

Defendant appealed from the denial of his motion, dkt. #54. While that appeal was pending, defendant discovered what he considered an error in his presentence report affecting the amount of crack cocaine for which he had been held responsible at sentencing. He filed a motion for relief from judgment, dkt. #64, explaining the error and seeking relief. His motion was denied on February 21, 2012, because his appeal was still pending. Dkt. #66.

On June 6, 2012, defendant's appeal was denied by the court of appeals. Dkt. #67.

On June 14, 2012, he filed a motion for relief from final judgment under Fed. R. Civ. P. 60(b), raising the miscalculation of the drug amount. Dkt. #68. In an order entered on July 31, 2012, dkt. #70, I denied the Rule 60(b) motion because the rule does not apply to criminal cases and advised defendant that I knew of no other way available to him to correct the error in his presentence report.

ORDER

IT IS ORDERED that defendant Andre Fisher's request for leave to proceed in forma pauperis on appeal is DENIED.

Entered this 9th day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge